UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BECKY A. SELBY | : |
| Plaintiff | : |
| v. | : No. _____ |
| HOLLY T SCHROEDER | : |
| | : CIVIL ACTION -- LAW |
| Defendant | : |
| | : CONTRACT -- BREACH |
| | : TORT -- SLANDER |
| | : TORT -- FRAUD |
| | : (Electronically Filed) |

## CIVIL COMPLAINT

Plaintiff, by and through her counsel, Stephen S. Werner, Esquire, hereby initiates this Civil Action in Federal Court as follows:

### JURISDICTION

1. The basis for Jurisdiction of this Complaint is Diversity under 28 U.S.C. §1332 whereas Plaintiff and Defendant are citizens of different states and the amount in controversy is above that required by the statute.

2. Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Tennessee, thereby providing the diversity of citizenship necessary.

3. Defendant has availed herself of the Jurisdiction of this Court by reaching out and offering to Plaintiff the sale of the property hereinafter described.

## THE PARTIES

4. Plaintiff, Becky A. Selby, is an adult individual and citizen of Pennsylvania and currently residing at 179 Enders Road, Halifax, Dauphin County, Pennsylvania, 17032, in the U.S. Middle District of Pennsylvania.

5. At all relevant times herein, Defendant, Holly T. Schroeder, is an adult individual and, the best of Plaintiff's belief, is a citizen of the state of Tennessee and currently residing at 794 Howell Road, Westmoreland, Macon County, Tennessee, 37186.

## FACTUAL ALLEGATIONS

6. On or about October 2, 2017, Defendant offered for sale a disabled now 7-year-old mare, named "Niko", a Blue Roan, which has been owned by and registered in the name of Defendant.

7. The mare is registered on the records of the Tennessee Walking Horse Breeders and Exhibitors Association in Lewisburg, Tennessee ("TWHBEA").

8. The fact of registration of a horse on the records of the TWHBEA is a significant fact which substantially affects the monetary value of the horse and any foals born to a mare whose mother is also registered on the records of the TWHBEA.

9. Defendant offered the mare for sale via social media. Exhibit A.

10. By the next day, October 3, 2017, Defendant and Plaintiff had verbally entered into an agreement in principle, which included the following basic terms:

a. Because the mare is blind and would require extensive and particular care, Defendant would sell the mare to Plaintiff in exchange for
        i. Plaintiff's caring for the mare for her life, and
        ii. Plaintiff's providing to Defendant the first healthy foal.
11. This consideration was in lieu of the Defendant's monetary asking price for the mare.
12. Defendant expressed to Plaintiff, in writing, that Defendant's only concern was that the mare be well taken care of, as Defendant was unable to care for the mare and Defendant's veterinarian had expressed that the only option, then, was to "put her down".
13. Defendant agreed that, after the birth of the first foal, Defendant would execute the transfer to Plaintiff of the registration of the mare on the records of the TWHBEA.
14. All care for the mare and gestation of the first foal following service by the sire, and all care for the mare for her life, were to be at Plaintiff's expense.
15. Transport of the mare from the premises of Defendant's veterinarian, O'Brien Veterinary Hospital, 8970 Nashville Road, Bowling Green, KY, to Plaintiff's location in Pennsylvania, was to be at Plaintiff's expense.
16. On November 17, 2017, Plaintiff, accompanied by her husband, with the knowledge of Defendant, drove to O'Brien Veterinary Hospital to pick up the mare, which they did without incident or objection, and did transport her to Plaintiff's location in Pennsylvania, and have provided care for her ever since, at Plaintiff's expense.

17. After tendering to Plaintiff the mare and during the later stages of gestation of the foal, Defendant attempted to renege on the terms of the agreement and
    a. demanded that Plaintiff provide to her all foals hereafter born to the mare;
    b. that Plaintiff continue to care for, at Plaintiff's expense, the disabled mare for her life;
    c. but without any transfer of registration and ownership.
18. Defendant continues to refuse to execute the transfer of the registration of the mare to Plaintiff's name and continues to demand that Plaintiff tender to her every foal that is hereafter born.
19. Plaintiff has attempted to personally reason and negotiate with Defendant, but to no avail, including providing to her, via Plaintiff's attorney, by cover letter dated September 26, 2018, a written agreement for her to sign. Exhibit B.
20. The proffered agreement exactly memorializes the terms of the verbal agreement that had been reached by Plaintiff and Defendant in October 2017.
21. Defendant refused to sign the agreement, despite having already tendered to Plaintiff the mare and Plaintiff's having cared for the mare for many months during the gestation of the first foal, entirely at Plaintiff's expense.
22. Plaintiff attempted to exhaust out-of-court "administrative" remedies by following the Corporate Rules of the TWHBEA, specifically Rule 30.6.
23. TWBEA Rule 3.06 provides a method of transfer whereby purchaser may request TWBEA transfer the registration without the signature of the seller, but requires the seller be notified but not object in writing.

24. On October 19, 2018, Plaintiff's attorney sent to Defendant, via regular mail (Priority with tracking) and via Certified mail (with tracking, return receipt requested), in accordance with TWHBEA Corporate Rule 3.06, a letter explaining Plaintiff's intention to proceed with registration without her signature. Exhibit C.

25. This letter referenced the written agreement, that Plaintiff planned to proceed according to Rule 3.06, and advised Defendant she had 30 days to object in writing.

26. Defendant did, in fact, receive the letter, as indicated by the tracking of the Priority mail, but did not accept and did not claim the Certified letter, which was returned to Plaintiff's attorney by the U.S. Postal Service.

27. Once the 30 days elapsed after sending the letter as required by Rule 3.06 to Defendant, to Plaintiff's knowledge, Defendant had not objected in writing.

28. Plaintiff, then, requested that the TWHBEA add Plaintiff's request to transfer registration of the mare under Rule 3.06 to the Executive Committee agenda to establish that the conditions had been met and the transfer be approved. Exhibit D.

29. Although Defendant did not object in writing, as required by TWHBEA Rule 3.06, TWHBEA informed Plaintiff that the transfer of registration would be refused because Defendant had telephoned TWHBEA and verbally objected.

30. On or about January 9, 2019, Plaintiff received a phone call from Deputy Robinson of Warren County Sheriff's Office in Bowling Green, Kentucky.

31. Deputy Robinson informed Plaintiff that Defendant has filed a criminal complaint against Plaintiff for stealing the mare, which Plaintiff did not do.

32. Defendant is plainly aware that Plaintiff did not steal the mare, but that Defendant and Plaintiff had entered into an agreement regarding the sale of the mare, which Defendant is refusing to now honor.

## CAUSES OF ACTION

33. Defendant, by her actions, has afforded the following causes of action:

    a. <u>Breach of Contract</u>

        i. By refusing to transfer ownership and registration of the mare, Defendant has breached the agreement reached by Defendant and Plaintiff in October 2017.

    b. <u>Defamation</u>

        i. By swearing out a false allegation to criminal authorities, which Defendant knew not be true, Defendant has published false, defamatory information to a third party, which is actionable under Pennsylvania law, and which has injured Plaintiff.

    c. <u>Fraud</u>

        i. Defendant has injured Plaintiff by her fraudulent acts, whereby Defendant (1) made a material factual misrepresentation; (2) which she made with knowledge or belief of its falsity; (3) with the intention that Plaintiff rely thereon; (4) resulting in justifiable reliance on Defendant's representations to Plaintiff's detriment.

34. As a result, Plaintiff hereby prays this Court for the following relief:

a. Equitable Order of Transfer of the mare to Plaintiff;

b. Money Damages as appropriate to compensate Plaintiff for Plaintiff's injury for the defamation of her character and for the civil fraud committed by Defendant, in the amount of $100,000.

c. Plaintiff prays the costs of her legal costs and the costs of this action.

WHEREFORE, as a direct and legal result of Defendant's actions, Plaintiff Becky A. Selby has suffered and sustained substantial damage and injury as fully described herein, and demands judgment against Defendant in the amount herein mentioned, which is in excess of the amount required for Jurisdiction in this court.

Respectfully Submitted,
WERNER LAW GROUP

Date: January 10, 2019

/s/ Stephen S. Werner_____
Stephen S. Werner, Esq.
Attorney for Plaintiff
439A Walton Avenue
Hummelstown, PA 17036

(717) 566-7676
stephen@wernerlawpa.com