IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT COOKEVILLE

| | |
|---|---|
| **BECKY A. SELBY,** | ) |
| Plaintiff/Counter-Defendant, | ) Case No. 2:20-CV-00016 |
| v. | ) |
| | ) **Chief Judge Waverly D. Crenshaw, Jr.** |
| **HOLLY T. SCHROEDER,** | ) **Magistrate Judge Alistair E. Newbern** |
| Defendant/Counter-Plaintiff. | ) |

## DEFENDANT/COUNTER-PLAINTIFF HOLLY T. SCHROEDER'S TRIAL BRIEF ON DAMAGES

Under Kentucky law, conversion can occur by either wrongful taking or wrongful withholding:

> Conversion can be subdivided into two categories: (1) conversion by way of a wrongful taking at the outset; and (2) conversion by lawful taking at the outset which becomes wrongful. If the taking is wrongful from the outset, the fifth element of demand and refusal need not be proven. *Joseph Goldberger Iron Co. v. Cincinnati Iron & Steel Co.*, 153 Ky. 20, 154 S.W. 374, 375 (1913). This is because "[w]here conversion has occurred by way of a wrongful taking at the outset . . . demand and refusal need not be proved, which is logical since the taking is hostile at the forefront and demand for its return likely futile." *Madison Capital Co., LLC v. S & S Salvage, LLC*, 765 F. Supp. 2d 923, 932 (W.D. Ky. 2011) (quoting *Kendrick v. Std. Fire Ins. Co.*, No. 06-141-DLB, 2007 U.S. Dist. LEXIS 28461, 2007 WL 1035018, at *13 (E.D. Ky. Mar. 31, 2007)).

*C&H Mfg., LLC v. Harlan Cty. Indus. Dev. Auth., Inc.*, 600 S.W.3d 740, 745-46 (Ky. Ct. App. 2020).

> [A]ny wrongful exercise or dominion over chattels to the exclusion of the rights of the owner, or a withholding of them from his possession under a claim inconsistent with his rights, constitutes a conversion.

*Joseph Goldberger Iron Co. v. Cincinnati Iron & Steel Co.*, 153 Ky. 20, 154 S.W. 374, 375 (1913).

The fair-market value is not the only remedy or damage that can be recovered for a conversion claim. Kentucky law recognizes several other remedies for conversion.

In *Motors Ins. Corp. v. Singleton*, 677 S.W.2d 309, 314 (Ky. Ct. App. 1984), the court addresses this common misconception: "We are aware of the rule enunciated in *Amlung v. Bankers Bond Company*, KY., 411 S.W.2d 689 (1967), that the traditional measure of damages for the conversion of personal property is the fair market value of the property, with interest from the time of conversion." *Id*. "This concept, however, ignores the stark reality that an aggrieved party suffers other loss." *Id*. That court goes on to note that the finding in *Amlung* regarding fair market value recovery contains "no language of limitation" and then acknowledges examples of other remedies such as "all other sums spent by the aggrieved party that were incidental and necessary to the purchase and anticipated use of the property." *Id*. The *Motors* court even went on to consider emotional damages for the plaintiff asserting the conversion claim, though they ultimately declined to award them because the conversion happened after the anxiety and humiliation that were the basis for emotional damage request. *Id*. at 314-315.

> Under the original trespass concept all consequential damages could be recovered. We are of the opinion that in view of both concepts that the value of the property should include not just the property itself, *but all other sums spent by the aggrieved party that were incidental and necessary to the purchase and anticipated use of the property*. This is particularly true when some element of intentional and deliberate conversion is present as in the old trespass writ.
>
> We find this not inconsistent with the rule in *Amlung* which seemingly stands for the fair market value recovery concept but contains *no language of limitation*. It certainly is consistent with the holding in *Riggs Motor Co., Inc. v. Archer*, Ky., 240 S.W.2d 75 (1951), allowing recovery of finance charge, usage tax and sums spent for repairs in a case depriving the rightful owner of his automobile, albeit ex contractu and statutory.

*Motors Ins. Corp*. 677 S.W.2d at 314 (emphasis added). *See also Outfront Media, LLC v. Lemaster*, 399 F. Supp. 3d 671, 693 (E.D. Ky. 2019) (citing *Motors* "a conversion claim may include consequential damages, when properly proven.").

Here, if the jury finds that Ms. Schroeder has proved a conversion claim for Niko, they will have necessarily found that there was an element of intentional and deliberate action by Ms. Selby. Ms. Schroeder will offer proof as to the emotional damage and suffering this has caused her and put forth evidence of her consequential damages by form of testimony from Ms. Schroeder and potentially Dr. O'Brien as to the value of Niko's foals, and how many foals could have been born during the period of Ms. Selby's wrongful dominion over Niko, and any related consequential damages arising from the three years of wrongful dominion. Thus, Ms. Schroeder should be able to instruct on and recover any such damages.

> Under Pennsylvania law, conversion can occur by either wrongful taking or withholding:
>
> There must be an exercise of dominion or control over the chattel by the actor. Such exercise of dominion or control may take any of several forms. It may consist of (a) acquiring possession of the goods; (b) transferring the goods in a manner which deprives the owner of control; (c) withholding possession from one who has the right to it, and (d) damaging or misusing the chattel. See *Norriton v. Central-Penn*, supra; *Martin v. National Surety*, 437 Pa. 159, 165, 262 A.2d 672 (1970); *Stevenson v. Economy Bank*, supra. For another listing of the ways in which such an exercise of dominion or control may occur, see Restatement § 223.

*Spickler v. Lombardo*, 3 Pa. D. & C.3d 591, 600-04 (C.P. 1977).

As to conversion damages, Pennsylvania courts recognize damages for "loss of use" and waste particularly in conversion cases where the chattel is returned but the claimant does not recover its full value. *See Adams Outdoor Adver., LP v. Menegatos*, No. 1119 EDA 2012, 2013 Pa. Super. Unpub. LEXIS 3100, at *17-22 (July 25, 2013):

> The Second Restatement of Torts also allows for conversion "damages[to] include . . . compensation for the loss of use not otherwise compensated." Restatement (Second) of Torts §927(2)(d)
> . . . .
> One common type of case is that in which the chattel is returned to the plaintiff, so that, under the rule stated in §922, the defendant must be credited with its value at the time of return and the plaintiff does not recover its full value. In this case there may be recovery for the loss of use during the period of detention. …. Here, we are presented with the unique circumstance that the billboard in question was not

damaged or destroyed, but Appellee was unlawfully deprived of its use for over six years, during this ongoing prolonged litigation. …. On review of record, we conclude that the trial court properly found that loss of use damages most adequately approximated Appellee's actual loss. …. On review, we conclude that "the verdict bears a reasonable resemblance to the damages proven." *McManamon, supra* at 1285. The trial court properly assessed damages. We decline to disturb the damages award arrived at through the trial court's sound exercise of discretion. Appellants' second issue merits no relief.

*Outdoor Advert., LP,* 2013 Pa. Super. Unpub. LEXIS 3100, at *17-22.

Furthermore, lost profits have been recognized by Pennsylvania courts as a recoverable damage in conversion claims. *See Pioneer Commer. Funding Corp. v. Am. Fin. Mortg. Corp.*, 2002 PA Super 68, ¶ 39, 797 A.2d 269, 288 (*rev'd on other grounds*). "Pennsylvania law also provides that in tort actions in which business losses and/or lost profits are alleged to have indirectly resulted from the misconduct, consequential damages are recoverable. *See Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa. Super. 90, 464 A.2d 1243 (Pa. Super. 1983). In the case at bar, the jury determined, based on ample evidence, that the business losses suffered by Pioneer resulted from the Bank's conversion of the Fund. Therefore, we hold that the award of consequential damages was proper." *Id*.

Here, we have a very similar factual scenario to *Outdoor*. Niko's foal has been held for three years, and based on Ms. Selby's deposition testimony, has never received any training or even seen a veterinarian since its birth. The value of a foal is impacted by its early and essential training to be a show horse. Without this training, there is a massive loss in value of the horse. The return of Niko's foal, while it will be emotionally gratifying for Ms. Schroeder, will not compensate for the loss of use and enjoyment over the past three years. Just like with the billboard, the value that would have been earned during the period of Ms. Selby's wrongful possession is distinct and recoverable from the current value of Niko's foal upon its return.

Finally, as to the testimony in the damages portion of this trial regarding the value of Niko's foal had it not been withheld, the claimant "is required to furnish only a reasonable quantity of information from which the fact finder may fairly estimate the amount of damages." *Frankel v. U.S.*, 321 F.Supp. 1331, (E.D.Pa. 1970), *aff'd,* 466 F.2d 1226 (3rd Cir. 1972). "The fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable and inferential, as well as upon direct and positive proof." *Delahanty v. First Pa. Bank, N.A.,* 318 Pa. Super. 90, 118, 464 A.2d 1243, 1257 (1983) (internal citations omitted). Furthermore, the law does not demand that the estimation of damages be completely free of all elements of speculation. *Taylor v. Paul O. Abbe, Inc.*, 380 F.Supp. 601 (E.D.Pa. 1974), *rev'd*, 516 F.2d 145 (3rd Cir. 1975). Ms. Schroeder intends to provide proof beyond mere speculation as to the value of foal that was lost and thus should be permitted to instruct on and recover such damages.

Respectfully Submitted:

**Sherwood Boutique Litigation, PLC**

/s/ Cynthia A. Sherwood
Cynthia A. Sherwood (BPR# 20911)
Austin M. Correll (BPR# 39561)
201 Fourth Avenue N., Suite 1130
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served via the Court's electronic case filing system:

| | |
|---|---|
| Benjamin M. Rose, Esq. | Stephen S. Werner, Esq. |
| W. Brantley Pierce, Esq. | Werner Law Group |
| RoseFirm, PLLC | 439A Walton Ave. |
| P.O. Box 1108 | Hummelstown, PA 17036 |
| Brentwood, TN 37024 | stephen@wernerlawpa.com |
| ben@rosefirm.com | *Counsel for Becky A. Selby* |
| brantley@rosefirm.com | |
| *Counsel for Becky A. Selby* | |

this the 18th day of February 2022.

/s/ Cynthia A. Sherwood