IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT COOKEVILLE

| | |
|---|---|
| BECKY A. SELBY, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | 2:20-CV-00016 |
| v. ) | |
| ) | Chief Judge Crenshaw |
| HOLLY T. SCHROEDER, ) | Magistrate Judge Newbern |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**TRIAL BREIF RE: DAMAGES**

Comes now, the Plaintiff/Counter-Defendant, Becky A. Selby ("Ms. Selby"), through undersigned counsel, and pursuant to this Court's Order entered February 15, 2022 (D.E. No. 202; PageID #: 1772), files this Trial Brief as to damages.

**I.    Selby Defamation—Tennessee**

This Court is certainly well aware of Tennessee law on defamation, as demonstrated by its own fairly recent and well-reasoned opinion in *Finley v. Kelly*, 384 F.Supp.3d 898 (M.D. Tenn. 2019), the Honorable Waverly D. Crenshaw, Jr., Chief Judge, presiding. Should the jury find in favor of Ms. Selby on her defamation claim regarding Ms. Schroeder's defamatory publications to TWHBEA, she is entitled to compensatory damages under Tennessee law. The parties have stipulated that the defamation claim regarding statements made by Ms. Schroeder to TWHBEA is controlled by Tennessee substantive law. (D.E. No. 194; PageID #: 1654, -55.)

In Tennessee, compensatory damages for defamation include whatever amount the jury finds will fairly and adequately compensate Ms. Selby for the losses she has suffered. The following damages are recoverable for Ms. Selby's Tennessee defamation claim:

Economic losses;

Compensation for any injury to her reputation; and

Compensation for any emotional distress she has suffered.

There is no definite standard or method of calculation prescribed by law for fixing the reasonable compensation for injury to Ms. Selby's reputation and emotion distress. No opinion of any witness is required as to the amount of such reasonable compensation.

Under Tennessee law, a plaintiff is required to prove actual damages in all defamation cases. *Myers v. Pickering Firm, Inc.*, 959 S.W.2d 152, 164 (Tenn. Ct. App. 1997) (quoting *Handley v. May,* 588 S.W.2d 772, 776 (Tenn. App. 1979)). The actual damage requirement was discussed by the United States Supreme Court in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323 (1974):

> We need not define "actual injury," as trial courts have wide experience in framing appropriate jury instructions in tort actions. Suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury.

*Id.* at 349–50.

The failure to prove special damages, or, "out-of-pocket" losses, is not determinative. *Handley,* 588 S.W.2d at 776. The issue is whether the record contains any material evidence of impairment of reputation and standing in the community, personal humiliation, or mental anguish and suffering. *Id.* The amount of damages assessed depends on the degree of moral turpitude of the defendant's conduct. *Myers*, 959 S.W.2d at164 (citing *Saunders v. Baxter*, 53 Tenn. (6 Heisk.) 369, 385 (1871)).

In *Moore v. Bailey,* 628 S.W.2d 431 (Tenn. App. 1981), this Court considered whether an award of compensatory and punitive damages for defamation was excessive. *Id.* at 434. In that case, the defendant made accusations about the plaintiff, a county environmentalist for the Tennessee Department of Public Health, to the state inspector general and to the plaintiff's

supervisor. *Id.* at 432. The plaintiff sued the defendant for slander, and the jury returned a verdict in favor of the plaintiff and awarded $1,000.00 in compensatory damages and $5,000.00 in punitive damages. *Id.* at 433.

The defendant appealed the jury verdict, asserting that there was no material evidence to support the recovery of compensatory or punitive damages. *Id.* at 434. The Court pointed out that the plaintiff put on proof from which a jury could find he suffered minimal out-of-pocket loss because of lost time from work and lost vacation time and incurred expenses in traveling to respond to the charges made by the defendant. *Id.* The Court further pointed out the jury could find from the plaintiff's own testimony that he suffered humiliation and mental anguish as a result of the defendant's actions. *Id.* Thus, the Court concluded that there was material evidence to support the jury awards. *Id.*

In *McWhorter v. Barre,* 132 S.W.3d 354, 366-67 (Tenn. Ct. App. 2003), the Court of Appeals affirmed a $25,000 verdict on defamation based on the following:

> Plaintiff testified he suffered both embarrassment and stress as a result of Defendant's Letter. Plaintiff testified that he gained a lot of weight as a result of the stress and that he was no longer a "very laid back, easygoing person." Plaintiff stated that "even though the FAA has cleared me of this, there will always be this blemish on my record." In addition, Plaintiff's wife testified that since he received the letter from the FAA grounding him, her husband has been very stressed. She stated "[h]e is very preoccupied. He's not the easy, laid back, easygoing type of person that he once was when I first met him. He has become emotional at times when I've had to caress him." She also testified that Plaintiff has cried "[a]bout his pride that he has for his career," and [] has expressed concerns about being able to take care of his family since he is "the bread winner of the family."
>
> Plaintiff further testified that he had a great deal of pride in his career as a pilot. Plaintiff testified he felt "very embarrassed" having to tell his employers that the FAA had grounded him and that they would have to cancel a flight scheduled for the next day. Plaintiff also testified it was "very embarrassing" for him to have to tell his fellow pilots he had been grounded. Plaintiff testified that the community of pilots is "very close knit" and that they "rely on one another" to gain information about other pilot's records. Plaintiff stated "if you fly anywhere in this region, in the Southeast region, everybody knows everyone. We've all been recycled to one

degree or another in this industry and we all know one another." Plaintiff testified that his "reputation as a professional pilot has been tarnished."

Mr. Cole, Covenant's current co-pilot, testified that as a result of Defendant's Letter, Plaintiff is less marketable than Mr. Cole, even though Plaintiff is a chief pilot and Mr. Cole is only a co-pilot. Mr. Bryson, a fellow pilot, testified that the fact that Plaintiff now has this Letter in his file would "throw up a red flag" for future employers. Mr. Bryson also testified that Plaintiff is not as marketable as a pilot who has no such allegations in his record.

The record contains material evidence that Plaintiff's reputation and standing in the community of pilots has been impaired and that Plaintiff has suffered personal humiliation as a result of having to disclose the fact that the FAA grounded him and the allegations in the Letter to his employer and to his fellow pilots. The evidence also shows that if, in the future, Plaintiff wishes or needs to change jobs, the Letter will "throw up a red flag" for future employers. In addition, the record contains material evidence that shows Plaintiff has endured mental anguish and suffering personally, as shown by his wife's testimony that Plaintiff is stressed, has cried, and worries about his ability to support his family.

Defendant argues that Plaintiff suffered no damages because Plaintiff was unable to prove he expended any money as a result of the Letter. Although Plaintiff was unable to prove he expended money for such things as his neurological exam and long-distance phone calls, "actual injury is not limited to out-of-pocket loss." *Myers*, 959 S.W.2d 164.

*Id.*

In sum, "[w]hen looking at damages for a defamation suit [Tennessee Courts have] stated that, 'the issue is whether the record contains any material evidence of impairment of reputation and standing in the community, personal humiliation, or mental anguish and suffering.'" *Brown v. Christian Bros. Univ.,* 428 S.W.3d 38, 51 (Tenn. Ct. App. 2013) (quoting *Murray v. Lineberry*, 69 S.W.3d 560, 564 (Tenn.Ct.App.2001) (citing *Myers,* 959 S.W.2d at 164)).

### II. Defamation—Kentucky

As stated by Kentucky's Supreme Court in *Hill v. Evans,* 258 S.W.2d 917, 918 (Ky. 1953)*,* if a publication is defamatory *per se*, **<u>damages are presumed and the plaintiff may recover without alleging or proving special damages.</u>** *Id*. Statements classified as defamatory *per se*

include those which attributes to someone a criminal offense, a loathsome disease, serious sexual misconduct, or conduct which is incompatible with his business, trade, profession, or office. *Gilliam v. Pikeville United Methodist Hosp. of Kentucky, Inc*., 215 S.W.3d 56, 61 (Ky. Ct. App. 2006) (citing Restatement (Second) of Torts § 570 (1977)). Store employees were not required to provide affirmative proof of injury to their reputations in order to recover for alleged defamatory statements accusing them of theft; false accusation of theft was actionable per se, that is, libelous or slanderous *per se*, and for words which were actionable per se, damages were presumed and the person defamed could recover without allegation or proof of special damages. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781 (Ky. 2004), reh'g denied, (Jan. 20, 2005).

There are certain categories of statements that qualify as *per se* defamation, where there is a conclusive presumption of both malice and damage and, thus, injury to reputation is presumed. *Estepp v. Johnson County Newspapers, Inc*., 578 S.W.3d 740 (Ky. Ct. App. 2019).

Furthermore, "[a] party is entitled to have the jury instructed on the issue of punitive damages 'if there was any evidence to support an award of punitive damages.'" *Poole v. Dollar Gen. Corp*., 2005 WL 2323238, at *7 (Ky. Ct. App. Sept. 23, 2005) (quoting *Thomas v. Greenview Hosp., Inc.,* 127 S.W.3d 663 (Ky. Ct. App. 2004); *Shortridge v. Rice,* 929 S.W.2d 194, 197 (Ky. Ct. App. 1996)). An instruction on punitive damages is warranted if there is evidence that the defendant acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the lives, safety or property of others. *See, Phelps v. Louisville Water Co.,* 103 S.W.3d 46, 51–52 (Ky. 2003).

In *Poole*, the Kentucky Court of Appeals found that "[t]he slanderous statements made by [defendants] attributed a criminal offense to [plaintiff] and, as such, was slander *per se*. 2005 WL, at *7. "[W]hen the defamatory publication is actionable per se there is a conclusive presumption

of both malice and damage." *Baker v. Clark,* 218 S.W. 280 (Ky. 1920); *Tucker v. Kilgore,* 388 S.W.2d 112, 116 (Ky. 1964). If the jury finds Ms. Schroeder abused her qualified privilege, then that means Ms. Selby would have proven actual malice, and, as such, there would necessarily be evidence to support an award of punitive damages, and an instruction on such an award would be appropriate. *See*, *Pennsylvania Iron Works Co. v. Henry Voght Mach. Co.,* 96 S.W. 551, 553 (Ky. 1906).

### III. Fraud—Pennsylvania

Under Pennsylvania law, in an action based on fraud, the measure of damages is "actual loss", *Kaufman v. Mellon National Bank & Trust Co.,* 366 F.2d 326 (3rd Cir.1966), and not the benefit, or value, of that bargain. *Delahanty v. First Pennsylvania Bank, N.A.,* 464 A.2d 1243, 1257 (Pa. Super. 1983) (citing *Savitz v. Weinstein,* 149 A.2d 110, 113 (Pa. 1959)). The victim is entitled to all pecuniary losses which result as a consequence of his reliance on the truth of the representations. *Id*.

The determination of damages is a factual question to be decided by the fact-finder. *Hagl v. Jacob Stern & Sons, Inc*., 396 F.Supp. 779 (E.D.Pa.1975). This duty of assessing damages is within the province of the fact-finder and should not be interfered with unless it clearly appears that the amount awarded resulted from partiality, caprice, prejudice, corruption or some other improper influence. *Tonik v. Apex Garages, Inc*., 442 Pa. 373, 275 A.2d 296 (1971). The fact-finder must assess the worth of the testimony, by weighing the evidence and determining its credibility, *Simmons v. Mullen*, 231 Pa.Super. 199, 331 A.2d 892 (1974), and by accepting or rejecting the estimates of the damages given by the witnesses. *Fierman v. Southeastern Pennsylvania Transp. Authority*, 277 Pa.Super. 252, 419 A.2d 757 (1980).

The standard in Pennsylvania civil cases for determining future damages is that the plaintiff bears the burden of proof by a "preponderance of the evidence." *Greenberg v. McCabe*, 453 F.Supp. 765 (E.D.Pa.1978), aff'd. 594 F.2d 854 (3rd Cir.1979); *Capitol Life Ins. Co. v. Rosen*, 69 F.R.D. 83 (E.D.Pa.1975). Under this criterion, the plaintiff is required to furnish only a reasonable quantity of information from which the fact-finder may fairly estimate the amount of damages. F*rankel v. U.S*., 321 F.Supp. 1331, (E.D.Pa.1970), aff'd. 466 F.2d 1226 (3rd Cir.1972).

The fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable and inferential, as well as upon direct and positive proof. *Rea* at 879. Thus, the law does not demand that the estimation of damages be completely free of all elements of speculation. *Taylor v. Paul O. Abbe, Inc*., 380 F.Supp. 601 (E.D.Pa.1974) rev'd 516 F.2d 145 (3rd Cir.1975).

While the trier of fact may not use sheer conjecture as a basis for arriving at a verdict, it may use a measure of speculation in aiming at a verdict or an award of damages, and an even greater degree of flexibility is granted in regard to testimony concerning prospective or future damages, which are at best, not always easy or certain of ascertainment and are to a large extent based on probabilities and uncertainties. *Starlings v. Ski Roundtop Corp*., 493 F.Supp. 507 (M.D.Pa.1980). So then, mere uncertainty as to the amount of damages will not bar recovery where it is clear that the damages were the certain result of the defendant's conduct. *Pugh v. Holmes*, 486 Pa. 272, 405 A.2d 897 (1979).

Generally, under Pennsylvania law, damages need not be proved with mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences. E.*C. Ernst, Inc. v. Koppers Co., Inc*., 626 F.2d 324 (3rd Cir.1980) on remand 520 F.Supp. 830 (W.D. Pa. 1981).

It is only required that the proof afford a reasonable basis from which the fact-finder can calculate the plaintiff's loss. *Myer Feinstein Co. v. DeVincent*, 30 A.2d 221 (Pa. Super. 1943); *American Air Filter Co., Inc. v. McNichol*, 527 F.2d 1297 (3rd Cir. 1975); *G.C.S., Inc. v. Foster Wheeler Corp.*, 437 F.Supp. 757 (W.D. Pa. 1975).

Under Pennsylvania law, the right to punitive damages is a "mere incident to a cause of action." *Hilbert v. Roth*, 149 A.2d 648, 652 (Pa. 1959). Awards of punitive damages cannot be made where no actual damages have been suffered. *See*, *Weider v. Hoffman*, 238 F.Supp. 437 (M.D. Pa. 1965). The purpose of punitive damages is two-fold, to punish the wrongdoer and to deter both him and others from engaging in similar conduct in the future. *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963); *Smith v. Brown*, 423 A.2d 743 (Pa. Super. 1980); *Esmond v. Liscio*, 224 A.2d 793 (Pa. Super. 1966); Restatement of Torts § 908, Comment (a).

It is well settled law in Pennsylvania that the decision of whether to award punitive damages and the amount to be awarded are within the discretion of the fact finder. *See Focht v. Rabada*, 217 Pa.Super. 35, 268 A.2d 157 (1970); Restatement of Torts, § 908(2) (1939); See also King v. Towns, 102 Ga.App. 895, 118 S.E.2d 121 (1961); *Leimgruber v. Claridge Associates, Ltd.*, 73 N.J. 450, 456, 375 A.2d 652, 655 (1977). Although punitive damages are not a favorite of the law, *Cochetti v. Desmond*, 572 F.2d 102 (3rd Cir.1978), they will only be reduced on appeal if the reviewing court determines that they are excessive under the facts of the individual case. *International Electronics Co. v. N.S.T. Metal Products Co*., 370 Pa. 213, 88 A.2d 40 (1952).

Punitive damages are damages other than compensatory or nominal, "awarded against a person to punish him for outrageous conduct." Thus, exemplary damages are proper when the act which creates actual damages also imports insult or outrage, and is committed with a view to oppress or is done in contempt of plaintiffs' rights. *Golomb v. Korus*, 261 Pa.Super. 344, 396 A.2d

430 (1977); See *130 U.S. ex rel. Motley v. Rundle, 340 F.Supp. 807 (E.D.Pa.1977). Punitive damages may be given when the act is done with reckless indifference, as well as, bad motive. *Bacica v. Board of Ed. of Sch. Dist. of Erie,* 451 F.Supp. 882 (W.D.Pa.1978). Thus, a court may not award punitive damages merely because a tort has been committed. Additional evidence must demonstrate wilful, malicious, wanton, reckless or oppressive conduct. *Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apts., Inc.*, 436 Pa. 350, 353, 260 A.2d 801, 803 (1970); Hughes 349 Pa. at 480, 37 A.2d at 554; *See also Franklin Music Co. v. American Broadcasting Cos., Inc.*, 616 F.2d 528, 542 (3rd Cir.1979).

Though this rule seems to require the plaintiff to meet an additional burden, it is difficult to picture a fact pattern which would support a finding of intentional fraud without providing proof of "outrageous conduct" to support an award of punitive damages. *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa. Super. 90, 130, 464 A.2d 1243, 1264 (1983).

.IV. **Breach of Contract—Pennsylvania**

According to Pennsylvania law, special damages are recoverable for breach of contract provided those damages fit within the following guidelines:

> Where one party to a contract, without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provides otherwise, whatever damages be suffered, provided (1) they were such as would naturally and ordinarily result from the breach; or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty.

*Taylor v. Kaufhold*, 368 Pa. 538, 546, 84 A.2d 347 (1951). *See also, Universal Computer Systems, Inc. v. Medical Services Association of Pennsylvania,* 474 F.Supp. 472, 479 (M.D.Pa.1979); Restatement of Contracts ss 330, 331.

The basic concern in awarding damages is to assure that innocent parties are not harmed as a result of a breach of contract.

> Generally speaking, the measure of damages applicable in a case of breach of contract is that the aggrieved party should be placed as nearly as possible in the same position as he would have occupied had there been no breach. In other words, he is entitled to be reimbursed for the money actually paid out and for all reasonable and proper expenses incurred on the face of the contract.

*Harman et ux v. Chambers*, 358 Pa. 516, 520-522, 57 A.2d 842 (1948). *See also,* Corbin, Contracts, Vol. 5 s 992; Restatement of Contracts s 329.

Nominal damages are awarded where liability can be shown for a breach of duty or for a breach of contract, however, the maximum award for nominal damages recoverable in Pennsylvania is one dollar. *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 455, 197 A.2d 721 (1964). The majority of cases indicate that nominal damages will be awarded any time a breach of contract is shown. *Rineer v. Collins*, 156 Pa. 342, 27 A. 28 (1893); *Fessler v. Love*, 48 Pa. 407 (1864); *Adams Express Co. v. Egbert*, 36 Pa. 360 (1860).

Respectfully submitted,

s/ W. Brantley Pierce
Ben M. Rose (#21254)
W. Brantley Pierce (#34603)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
615-942-8295
ben@rosefirm.com
brantley@rosefirm.com

*Attorneys for the Plaintiff/Counter-Defendant, Becky A. Selby*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record via the Court's electronic case filing system, this 18th day of February, 2022.

Cynthia A. Sherwood (BPR# 20911)
201 Fourth Avenue N., Suite 1130
Nashville, TN 37219
615-873-5670
cynthia@sherwoodlitigation.com

s/ W. Brantley Pierce
W. Brantley Pierce
