UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BECKY A. SELBY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20-cv-00016 |
| | ) |
| HOLLY T. SCHROEDER, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

After the final pretrial conference, Holly T. Schroeder filed a motion for clarification on Selby's TWHBEA defamation claim, (Doc. No. 211) which Becky A. Selby opposes. (Doc. No. 215). The motion is **GRANTED** because the Court made an error in allowing Selby to raise a new claim at this late stage of the case.

The Final Pretrial Order (Doc. No. 201) allows Selby to advance a defamation claim based upon Schroeder's alleged defamatory statements to the Tennessee Walking Horse Breeders and Exhibitors Association (TWHBEA). (Doc. No. 201 at 2-3). The Court committed error in so doing because the only defamation claim alleged by Selby in her initial Complaint, (Doc. No. 1 at 6) and her Amended Complaint, (Doc. No. 26 at 9) arose from Schroeder's alleged statement to "criminal authorities," namely the Warren County Sheriff. This was also the only defamation claim on Defendant's motion to dismiss. (Doc. No. 90 at 14-16). Selby's assertion of a new defamation claim based upon Schroeder's statement to TWHBEA was directly opposed by Schroeder in the Final Pretrial Order. (Doc. No. 201 at 6-7). Selby's addition of a new defamation claim comes too late. In any case unilateral amendment of the pleading to add a new claim for relief is improper without explicit permission of the Court, Selby never sought such permission.

The Court erred by allowing this new defamation claim for trial. Selby's defamation claim at trial will be limited to her alleged defamatory statements by Schroeder to the Warren County Sheriff's.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE